IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| In re: | § | |
| --- | --- | --- |
| | § | |
| **BELLA LOGISTICS LLC** | § | **CASE NO. 17-50913-CAG** |
| | § | **(Chapter 11)** |
| **Debtor** | § | |

## APPLICATION OF DEBTOR TO APPROVE EMPLOYMENT OF VILLA & WHITE LLP AS COUNSEL

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Bella Logistics LLC ("Debtor") files this, its Application of Debtor to Approve Employment of Villa & White LLP as Counsel (the "Application"), pursuant to §327 of the Bankruptcy Code (the "Code") and Rule 2014 of the United States Bankruptcy Rules and the Local Bankruptcy Rules of the Western District of Texas. In support of the Application, the Debtor would show as follows:

**I.**

On April 19, 2017, (the "Petition Date"), Debtor filed a Voluntary Petition under Chapter 11 of Title 11 of the Bankruptcy Code. Debtor continues to operate its business and manage its business affairs as Debtor-in-Possession pursuant to §§1107(a) and 1108 of the Bankruptcy Code.

**II.**

Debtor seeks to employ and retain the firm of Villa & White LLP (the "Firm") as its counsel in connection with the commencement and prosecution of Debtor's Chapter 11 case, subject to the approval of this Court. Debtor respectfully requests the Court enter an order pursuant to § 327 of the Bankruptcy Code authorizing it to employ the Firm as its attorneys under a general retainer to perform legal services that will be necessary during the Chapter 11 case. Debtor has selected the

Firm as its counsel because the Firm has experience and knowledge of the areas of Debtor's and creditor's rights and business reorganizations under Chapter 11 of the Bankruptcy Code. The Firm also has become familiar with Debtor's operations and financial condition during the period immediately preceding Debtor's bankruptcy filing. Debtor has been informed that Morris E. "Trey" White III, a member of the Firm, is in good standing of, among others, the bar of the State of Texas and the United States District Court for the Western District of Texas. Additionally, the Firm has the staff and resources to enable it to represent the Debtor efficiently.

**III.**

The Debtor anticipates that it will require various professional services in connection with this Chapter 11 proceeding, and anticipates the Firm will, among other things:

(a) Assist and advise the Debtor relative to its operations as a debtor-in-possession, and relative to the overall administration of this Chapter 11 case;

(b) Represent the Debtor at hearings to be held before this Court and communicate with its creditors regarding the matters heard and the issues raised, as well as the decisions and considerations of this Court;

(c) Prepare, review, and analyze pleadings, orders, operating reports, schedules, statements of affairs, and other documents filed and to be filed with this Court by the Debtor or other interested parties in this Chapter 11 case; advise the Debtor as to the necessity, propriety and impact of the foregoing upon this Chapter 11 case; and consent or object to pleadings or orders on behalf of the Debtor;

(d) Assist the Debtor in preparing such applications, motions, memoranda, adversary proceedings, proposed orders and other pleadings as may be required in support of positions taken by the Debtor, as well as preparing witnesses and reviewing documents relevant thereto;

(e) Coordinate the receipt and dissemination of in formation prepared by and received from the Debtor and the Debtor's accountants, and other retained professionals, as well as such information as may be received from accountants or other professionals engaged by any official committee;

(f) Confer with the professionals as may be selected and employed by any official

committee;

(g) Assist and counsel the Debtor in its negotiations with creditors, or Court-appointed representatives or interested third parties concerning the terms, conditions, and import of a plan of reorganization and disclosure statement to be proposed and filed by the Debtor;

(h) Assist the Debtor with such services as may contribute or are related to the confirmation of a plan of reorganization in this Chapter 11 case;

(i) Assist and advise the Debtor in its discussions and negotiations with others regarding the terms, conditions, and security for credit, if any, during this Chapter 11 case;

(j) Conduct such examination of witnesses as may be necessary in order to analyze and determine, among other things, the Debtor's assets and financial condition, whether the Debtor has made any avoidable transfers of its property, and whether causes of action exist on behalf of the Debtor's estate; and

(k) Assist the Debtor generally in performing such other services as may be desirable or required pursuant to § 1107 of the Bankruptcy Code.

(l) Additionally, Debtor seeks to employ the Firm to represent Debtor in the prosecution of a certain claim held by Debtor as a creditor in the chapter 11 bankruptcy of Breitburn Energy Partners Ltd., Case No. 16-11390, in the United States Bankruptcy Court for the Southern District of New York. More specifically, Debtor desires to employ the Firm to litigate the objection filed by Breitburn to Debtor's proof of claim.

## IV.

It is anticipated that the retention and employment of the Firm will be of material benefit to the Debtor and the Debtor's estate.

## V.

Morris E. "Trey" White III, a partner in the Firm, will be primarily responsible for the supervision of the case and the coordination and delegation of its administration.

## VI.

The Firm has no connection with the Debtor, its creditors, any party in interest, their

respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee. Debtor believes the Firm does not hold an interest adverse to Debtor's estate and is a "disinterested person" pursuant to § 327 of the Bankruptcy Code. The statement regarding the Firm's compensation and disinterestedness required by §329(a) of the Code and Bankruptcy Rule 2016(h) is attached hereto as Exhibit "A" and is incorporated herein for all purposes.

## VII.

The Firm has agreed to perform the services delineated herein at its usual-and customary fee rates. The Firm's fees are computed and billed on a time-expended basis in accordance with the hourly rates assigned to the particular attorneys and legal assistants performing the work. The bankruptcy attorney, Morris E. "Trey" White III, for the Firm's representation of the Debtor bills at a rate of $300.00 per hour.

This billing rate is subject to periodic adjustment, and the applicable rates will be those in effect at the time the services are rendered. In addition, other attorneys and legal assistants may form time to time serve Debtor in connection with the matters herein described. Such rates are equal to the rates charged for such services generally rendered in similar bankruptcy and non-bankruptcy matters in this district.

The hourly rate set forth above is the Firm's standard hourly rates for work of this nature. This rate is established to compensate the Firm for the work of its attorneys and legal assistants and to cover fixed and routine overhead expenses. It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with that client's case. The expenses charged to clients include, among other things, telephone and facsimile toll and other charges, mail and express mail charges, special or hand delivery charges, photocopy and other expenses, including

but not limited to, postage, envelopes and labels for mass mailings, travel expenses, expenses for "working meals", computerized research, transcription costs, was well as non-ordinary overhead expenses such as secretarial and other overtime expenses. The Firm will charge Debtor for these expenses in a manner and at rates consistent with charges made to the Firm's other clients. Debtor has previously agreed to these terms as reflected in Exhibit "B".

## VIII.

No trustee or examiner has been appointed in this case. An official creditor's committee has been appointed. A copy of this Application has been provided to (i) the United States Trustee, (ii) all unsecured creditors listed in Debtor's schedules and (iii) the members of the creditor's committee

WHEREFORE, PREMISES CONSIDERED, the Debtor prays that it be authorized to employ the Firm as its counsel in accordance with the foregoing, for such compensation as may be allowed ultimately by the Court, and that it be granted such other and further relief to which it is entitled.

Debtor:

Bella Logistics LLC

By: /s/*Barry Holbert*
Barry Holbert, Manager

Respectfully submitted,

Villa & White LLP

By:  /s/ *Morris E. "Trey" White III*
Morris E. "Trey" White III
State Bar No. 24003162
treywhite@villawhite.com
1100 NW Loop 410 #700
San Antonio, Texas 78213
(210) 225-4500 Telephone
(210) 212-4649 Fax

ATTORNEY FOR DEBTOR

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2017, a true and correct copy of the above and foregoing document was served on the parties listed on the attached matrix pursuant to Bankruptcy Rule 9013.

                                                */s/ Morris E. "Trey" White III*
                                                Morris E. "Trey" White III